IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DERECK CLARK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 16-cv-3058 |
| | ) | Judge Sharon Johnson Coleman |
| WEXFORD HEALTH SOURCES, INC., | ) | Magistrate Judge Susan Cox |
| DR. MARTIJA, GHALIAH OBAISI, | ) | |
| Independent Executor of the Estate of | ) | |
| Dr. SALEH OBAISI, Deceased, DR. | ) | |
| HECKTOR GARCIA, and DR. | ) | |
| MOHAMMED SIDDIQUI, | ) | |
| | ) | |
| Defendants, | ) | |

## THIRD AMENDED COMPLAINT AT LAW

Plaintiff, DERECK CLARK, by his appointed counsel, RICHARD F. BURKE, JR., of CLIFFORD LAW OFFICES, P.C., complaining of Defendants WEXFORD HEALTH SOURCES, INC., (hereinafter WEXFORD), DR. A. MARTIJA (hereinafter DR. MARTIJA) GHALIAH OBAISI, INDEPENDENT EXECUTOR OF THE ESTATE OF DR. S. OBAISI (hereinafter DR. OBAISI), DR. HECTOR GARCIA (hereinafter DR. GARCIA), DR. MOHAMMED SIDDIQUI (hereinafter DR. SIDDIQUI), and unknown others, states as follows:

### NATURE OF COMPLAINT

1. This is a civil action arising under 42 U.S.C.A. §1983. Plaintiff, DERECK CLARK, alleges a violation of his civil rights under the United States Constitution in that he was denied medical care and treatment by Defendants, amounting to a deliberate indifference to a serious medical condition and need. Plaintiff hereby makes a demand for a jury trial.

1

## JURISDICTION

2. Jurisdiction of this Court is invoked under 28 U.S.C.A. § 1331 and 28 U.S.C.A. §1343.

## PARTIES

3. Plaintiff, DERECK CLARK is currently a citizen of the United States and resides at the Menard Correctional Center in Joliet, Will County, Illinois.

4. On and after July 26, 2015, and at all times mentioned herein, Defendant WEXFORD was acting under the color of state law, ordinances and/or regulations, and is being sued in its official capacity for monetary relief.

5. On and after July 26, 2015, and at all times mentioned herein, Defendant DR. MARTIJA, was acting under the color of state law, ordinances and/or regulations, and is being sued in her official capacity for monetary relief.

6. On and after July 26, 2015, and at all times mentioned herein, Defendant DR. SALEH OBAISI, (now deceased) was acting under the color of state law, ordinances and/or regulations, and is being sued in his official capacity for monetary relief.

7. On and after July 26, 2015, and at all times mentioned herein, Defendant DR. GARCIA, was acting under the color of state law, ordinances and/or regulations, and is being sued in his official capacity for monetary relief.

8. On and after July 26, 2015, and at all times mentioned herein, Defendant DR. SIDDIQUI, was acting under the color of state law, ordinances and/or regulations, and is being sued in his official capacity for monetary relief.

## FACTS

9. On and before September 24, 2010 and continuing to November 18, 2016, Plaintiff

Dereck Clark was an inmate at the Stateville Correctional Center in Joliet, Will County, Illinois. On or about November 18, 2016, he was transferred to Menard Correctional Center where he currently resides.

10. On and before September 24, 2010, Plaintiff DERECK CLARK developed two lumps, one in the center of his forehead, and another one on the lower back of his head.

11. On multiple dates while Plaintiff DERECK CLARK was an inmate at Stateville Correctional Center various physicians, physician assistants, nurses and other agents and employees of Defendant WEXFORD observed and documented the presence of lumps and masses on Mr. Clark's forehead and the back of his head, including on September 24, 2010, September 12, 2012, September 14, 2012, December 19, 2012, July 24, 2013, August 6, 2013 and February 17, 2015.

12. On or about August 5, 2015, Plaintiff DERECK CLARK was seen by one or more physicians, including Dr. A. Martija, and he showed visible and abnormal lumps on his forehead and back of his head to Dr. A. Martija. Dr. Martija told Plaintiff DERECK CLARK that there is nothing that could be done for these lumps at that time.

13. On or about August 14, 2015, a grievance officer at the Stateville Correctional Center responded to Plaintiff Dereck Clark's grievance and noted that he was seen for a physical exam on March 19, 2015 and it had been noted at that time that he has a mass. The grievance officer further commented that no further treatment was noted.

14. On or about January 12, 2016, Plaintiff DERECK CLARK informed various health care representatives, including Mr. Kelly, that he is experiencing headaches, pain, and loss of sleep and repeatedly asked that a brain scan, film study or other appropriate analytical test be performed on the two abnormal lumps on his forehead and back of his head. No such tests or studies were performed.

15. On or about August 14, 2015, grievance officer Parrish recommended that "no action as grievant appears to be receiving appropriate medical care at this time."

3

16. On or about January 12, 2016, Plaintiff DERECK CLARK informed various health care representatives, including Mr. Kelly, that he was experiencing headaches, pain, and loss of sleep, and repeatedly asked that a brain scan, film study or other appropriate analytical test be performed on the two abnormal lumps on his forehead and back of his head. No such tests or studies were performed.

17. After Plaintiff DERECK CLARK was transferred to Menard Correctional Center in November of 2016, he repeated his requests that a brain scan, film study, or other appropriate analytical test be performed on the two abnormal masses growing on his forehead and on the back of his head.

18. On February 18, 2017 and February 23, 2017, physicians, physician assistants, nurses and/or other agents and employees of Defendant WEXFORD observed and documented the presence of masses on Mr. Clark's forehead and the back of his head.

19. On or about April 10, 2017, DR. GARCIA saw Plaintiff DERECK CLARK but did not order any type of diagnostic testing of the masses growing from Plaintiff's forehead and back of his head.

20. On or about May 4, 2017, DR. SIDDIQUI approved DR. GARCIA'S failure to provide any medical care or treatment to Plaintiff for the masses growing out of his forehead and back of his head, and Dr. SIDDIQUI also failed to order any diagnostic tests for said masses.

21. At all times mentioned herein, and continuing until the present time, Plaintiff DERECK CLARK still has a very visible and abnormal mass growing out of the center of this forehead, and has a second large, visible and abnormal mass growing out of the back of this head. Both of these masses are physical disfigurements, abnormal growths and deformities readily visible to the naked eye.

22. At no time between September 24, 2010 and the present time, have Defendants ever ordered, conducted, performed or obtained any type of radiographic study, x-ray, CT scan, MRI

4

examination, brain scan, EEG or other film study, or other diagnostic test on either of the two abnormal masses growing on Plaintiff DERECK CLARK'S forehead and the back of his head.

23. At no time from September 24, 2010 up to the present time have Defendants provided Plaintiff DERECK CLARK, with any proper inspection, evaluation, analysis, testing, biopsy or other diagnostic interpretation of the cause and content of the abnormal masses growing out of the center of DERECK CLARK's forehead and the back of his head.

24. From September 24, 2010 and continuing to the present time, Defendants WEXFORD, DR. MARTIJA, DR. OBAISI, DR. GARCIA and DR. SIDDIQUI have failed to provide Plaintiff, DERECK CLARK with a diagnosis of the cause, content and substance of the abnormal masses growing out of the center of his forehead and the lower back of his head.

25. From September 24, 2010, up to and including the present time, Defendants WEXFORD, DR. MARTIJA, DR. OBAISI, DR. GARCIA and DR. SIDDIQUI have not provided any form of treatment to Plaintiff, DERECK CLARK for the abnormal masses growing out of the center of his head and the lower back of his head, including any treatment to excise, remove, shrink or minimize the presence of said masses.

26. From September 24, 2010, up to and including the present time, Defendants WEXFORD, DR. MARTIJA, DR. OBAISI, DR. GARCIA and DR. SIDDIQUI have not provided any form of treatment for the symptoms Plaintiff DERECK CLARK has been experiencing as a result of the presence of the abnormal growths on his forehead and the lower back of his head, including persistent and severe headaches, pain, loss of sleep and emotional distress, all of which he continues to experience.

## COUNT I

## DELIBERATE INDIFFERENCE TO PLAINTIFF'S SERIOUS MEDICAL NEEDS IN VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS

## WEXFORD HEALTH SOURCES, INC.

27. Plaintiff realleges Paragraphs 1 through 24 of this Complaint as if set forth in full herein.

28. Defendant WEXFORD, as a corporation, in contracting with the State of Illinois to provide certain medical services at the Illinois Department of Corrections, Stateville Correctional Center, and Menard Correctional Center, is responsible for having and following policies, practices, procedures and protocols designed to assure that inmates, including Plaintiff Dereck Clark, receive adequate medical attention, care and treatment.

29. Defendant WEXFORD does not have, and has not had, policies, practices, procedures and protocols designed to ensure that the Plaintiff, while an inmate at the Stateville Correctional Center, receives adequate medical evaluation, care, treatment and attention.

30. Defendant WEXFORD, individually and through its duly authorized physicians, nurses, medical assistants and other employees and agents, had a duty to ensure that Plaintiff Dereck Clark, an inmate at Stateville Correctional Center, received adequate medical evaluation, attention, assessment, care and treatment.

31. Defendant WEXFORD, individually and through its duly authorized physicians, nurses, medical assistants and other employees and agents, failed to have and utilize policies, practices, procedures and protocols to ensure that Plaintiff Dereck Clark received necessary medical evaluation, assessment, attention, care and treatment for serious medical needs in that WEXFORD:

    A.    Failed to properly and timely evaluate visible and palpable masses on Dereck Clark's forehead and the back of his head;

6

  B. Failed to diagnose the cause of visible and palpable masses on Dereck Clark's forehead and the back of his head;

  C. Failed to diagnose the content and substance that constitute the visible and palpable masses on Dereck Clark's forehead and the back of his head;

  D. Failed to order and perform proper diagnostic tests to properly evaluate and assess the masses on Dereck Clark's forehead and the back of his head;

  E. Failed to properly evaluate and test Dereck Clark despite knowing he has inherently abnormal masses growing from his forehead and the back of his head;

  F. Failed to properly and timely evaluate the cause of Mr. Clark's symptoms, including headaches, pain, loss of sleep and emotional distress;

  G. Failed to properly and timely order and perform a biopsy or other diagnostic tests and studies to determine the cause and content of the masses growing on Dereck Clark's forehead and the back of his head;

  H. Failed to order and perform proper and timely radiographic studies, including CT exams, MRI exams and EEG exams in order to evaluate and assess the cause and content of the masses growing on Dereck Clark's forehead and the back of his head;

  I. Failed to provide any medical care or treatment to excise, remove, shrink or minimize the presence of the masses growing out of DERECK CLARK'S forehead and the back of his head.

32. The aforementioned inadequate, unsafe, ineffective and deficient policies, protocols, practices and procedures of Defendant WEXFORD, individually and through its physicians, nurses, medical assistants, and other employees and agents, have caused a serious delay in providing Plaintiff with proper and adequate medical evaluation, assessment, attention, care and treatment, and have denied him necessary medical care and treatment, thereby endangering the health and well-being of Plaintiff Dereck Clark.

33. The aforementioned inadequate, unsafe, ineffective and deficient policies, protocols, practices and procedures of Defendant WEXFORD constitute a deliberate indifference to Plaintiffs objectively serious medical needs.

34. Defendant WEXFORD's deliberate indifference to Plaintiffs objectively serious medical needs have caused, and continue to cause, Plaintiff Dereck Clark to suffer pain, headaches, loss of sleep, emotional distress, and physical disfigurement.

7

35. At all times mentioned herein and relevant hereto Defendant WEXFORD was acting under the color of state law in carrying out for the Illinois Department of Corrections, Stateville Correctional Center, and Menard Correctional Center, the above described, inadequate, unsafe, inefficient and deficient policies, practices and procedures relating to the provision of medical evaluation, assessment, care and treatment for Dereck Clark.

36. Defendant WEXFORD's deliberate indifference to Plaintiffs objectively serious medical needs constitutes an unnecessary and wanton infliction of pain proscribed by the Eighth Amendment of the United States Constitution, in violation of Plaintiff's constitutional rights.

## COUNT II

## DELIBERATE INDIFFERENCE TO PLAINTIFF'S SERIOUS MEDICAL NEEDS IN VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS

## DEFENDANT MARTIJA

37. Plaintiff realleges Paragraphs 1 through 34 of this Complaint as if set forth in full herein.

38. At all times mentioned herein and relevant hereto, Defendant DR. MARTIJA, was a physician and was a duly authorized employee and/or agent of Defendant WEXFORD HEALTH SOURCES, INC.

39. At all times mentioned herein Defendant DR. MARTIJA, was acting within the course and scope of her employment and/or agency with WEXFORD HEALTH SOURCES, INC., in providing medical services to inmates within the Illinois Department of Corrections, including Plaintiff DERECK CLARK.

40. On and after August 5, 2015, Plaintiff DERECK CLARK was seen by Defendant DR. MARTIJA, at which time DR. MARTIJA became aware of the abnormal masses growing from

Plaintiffs forehead and the back of his head, and further learned that such masses caused DERECK CLARK pain, discomfort, loss of sleep, headaches and emotional distress.

41. On and after August 5, 2015, up to and including the present time, Defendant DR. MARTIJA, while acting under the color of state law, ordinances and/or regulations, failed to take any steps necessary to properly assess, evaluate, test, biopsy, analyze or otherwise determine the cause and content of the abnormal masses growing from DERECK CLARK'S forehead and back of his head, and further failed to provide any proper medical care and treatment for the symptoms DERECK CLARK experienced as a result of the abnormal masses growing from his forehead and the back of his head.

42. On and after August 5, 2015, and continuing until the present time, the failure of Defendant DR. MARTIJA, to properly evaluate, assess and treat the masses growing from DERECK CLARK'S forehead and back of his head, constitutes a deliberate indifference to his serious medical needs and constitutes an ineffective and deficient provision of necessary medical attention, care and treatment for the serious medical needs of DERECK CLARK in that she:

  A. Failed to properly and timely evaluate visible and palpable masses on Dereck Clark's forehead and the back of his head;
  B. Failed to diagnose the cause of visible and palpable masses on Dereck Clark's forehead and the back of his head;
  C. Failed to diagnose the content and substance that constitute the visible and palpable masses on Dereck Clark's forehead and the back of his head;
  D. Failed to order and perform proper diagnostic tests to properly evaluate and assess the masses on Dereck Clark's forehead and the back of his head;
  E. Failed to properly evaluate and test Dereck Clark despite knowing he has inherently abnormal masses growing from his forehead and the back of his head;
  F. Failed to properly and timely evaluate the cause of Mr. Clark's symptoms, including headaches, pain, loss of sleep and emotional distress;
  G. Failed to properly and timely order and perform a biopsy or other diagnostic tests and studies to determine the cause and content of the masses growing on Dereck Clark's forehead and the back of his head;
  H. Failed to order and perform proper and timely radiographic studies, including CT exams, MRI exams and EEG exams in order to evaluate and assess the cause and content of the masses growing on Dereck Clark's

                forehead and the back of his head.
- l.    Failed to provide any medical care or treatment to excise, remove, shrink or minimize the presence of the masses growing out of Dereck Clark CLARK'S forehead and the back of his head.

43.    At all relevant times hereto Defendant DR. MARTIJA knew or should have known that her failure to provide proper medical attention, assessment, care and treatment was a contributing cause of the continual growth of abnormal masses on DERECK CLARK'S forehead and the back of his head, and further caused Plaintiff DERECK CLARK to continue to experience headaches, pain, suffering, loss of sleep, emotional distress and physical disfigurement.

44.    The aforementioned acts and/or omissions on the part of the Defendant DR. MARTIJA, constitute a deliberate indifference to Plaintiffs objectively serious medical needs, and have caused a serious delay in providing Plaintiff with adequate and appropriate medical attention, and have further denied him necessary medical care and treatment which has endangered the health and well-being of DERECK CLARK.

45.    Defendant DR. MARTIJA's deliberate indifference to Plaintiffs objectively serious medical needs while in the course and scope of acting as an employee and/or agent of Defendant WEXFORD HEALTH SOURCES, INC., has caused, and continues to cause, Plaintiff Dereck Clark to suffer pain, headaches, suffering, emotional distress, and disfigurement, and further constitutes unnecessary and wanton infliction of pain prohibited by the Eighth Amendment of the United States Constitution in violation of Plaintiff's constitutional rights.

## COUNT III

## DELIBERATE INDIFFERENCE TO PLAINTIFF'S SERIOUS MEDICAL NEEDS IN VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS

## GHALIAH OBAISI, Independent Executor of the
## Estate of DR. SALEH OBAISI, Deceased

46. Plaintiff realleges Paragraphs 1 through 34 of this Complaint as set forth in full herein.

47. At all times relevant hereto Defendant DR. SALEH OBAISI, was a physician and was a duly authorized employee and/or agent of Defendant WEXFORD HEALTH SOURCES, INC.

48. At all times mentioned herein Defendant DR. SALEH OBAISI, was acting within the course and scope of his employment and/or agency with WEXFORD HEALTH SOURCES, INC., in providing medical services to inmates within the Illinois Department of Corrections, including Plaintiff DERECK CLARK.

49. Dr. SALEH OBAISI died on December 23, 2017, and GHALIAH OBAISI has been appointed as the Independent Executor of the Estate of SALEH OBAISI.

50. On and after August 5, 2015, Plaintiff Dereck Clark was seen by Defendant DR. OBAISI, at which time DR. OBAISI became aware of the abnormal masses growing from Defendant's forehead and the back of his head, and further learned that such masses caused DERECK CLARK pain, discomfort, loss of sleep, headaches and emotional distress.

51. On and after August 5, 2015, up to and including the present time, Defendant DR. OBAISI, while acting under the color of state law, ordinances and/or regulations, failed to take any steps necessary to properly assess, evaluate, test, biopsy, analyze or otherwise determine the cause and content of the abnormal masses growing from Dereck Clark's forehead and back of his head, and further failed to provide any proper medical care and treatment for the symptoms Dereck Clark experienced as a result of the abnormal masses growing from his forehead and the back of his head.

52. On and after August 5, 2015, and continuing until the present time, the failure of Defendant DR. OBAISI, to properly evaluate, assess and treat the masses growing from

11

Dereck Clark's forehead and back of his head, constitutes a deliberate indifference to his serious medical needs and constitutes an ineffective and deficient provision of necessary medical attention, care and treatment for the serious medical needs of Dereck Clark in that he:

    A. Failed to properly and timely evaluate visible and palpable masses on Dereck Clark's forehead and the back of his head;

    B. Failed to diagnose the cause of visible and palpable masses on Dereck Clark's forehead and the back of his head;

    C. Failed to diagnose the content and substance that constitute the visible and palpable masses on Dereck Clark's forehead and the back of his head;

    D. Failed to order and perform proper diagnostic tests to properly evaluate and assess the masses on Dereck Clark's forehead and the back of his head;

    E. Failed to properly evaluate and test Dereck Clark despite knowing he has inherently abnormal masses growing from his forehead and the back of his head;

    F. Failed to properly and timely evaluate the cause of Mr. Clark's symptoms, including headaches, pain, loss of sleep and emotional distress;

    G. Failed to properly and timely order and perform a biopsy or other diagnostic tests and studies to determine the cause and content of the masses growing on Dereck Clark's forehead and the back of his head;

    H. Failed to order and perform proper and timely radiographic studies, including CT exams, MRI exams and EEG exams in order to evaluate and assess the cause and content of the masses growing on Dereck Clark's forehead and the back of his head.

    I. Failed to provide any medical care or treatment to excise, remove, shrink or minimize the presence of the masses growing out of Dereck Clark CLARK'S forehead and the back of his head.

53. At all relevant times hereto Defendant DR. OBAISI knew or should have known that his failure to provide proper medical attention, assessment, care and treatment was a contributing cause of the continual growth of abnormal masses on Dereck Clark's forehead and the back of his head, and further caused Plaintiff Dereck Clark to continue to experience headaches, pain, suffering, loss of sleep, emotional distress and physical disfigurement.

54. The aforementioned acts and/or omissions on the part of Defendant DR. OBAISI, constitute a deliberate indifference to Plaintiff's objectively serious medical needs, and have caused a serious delay in providing Plaintiff with adequate and appropriate medical attention, and

have denied him necessary medical care and treatment which has endangered the health and well-being of Dereck Clark.

55. Defendant DR. OBAISI's deliberate indifference to Plaintiffs objectively serious medical needs while in the course and scope of acting as an employee and/or agent of Defendant WEXFORD HEALTH SOURCES, INC., has caused, and continues to cause Plaintiff Dereck Clark to suffer pain, headaches, suffering, emotional distress, and disfigurement, and further constitutes unnecessary and wanton infliction of pain prohibited by the Eighth Amendment of the United States Constitution in violation of Plaintiff's constitutional rights.

## COUNT IV

## DELIBERATE INDIFFERENCE TO PLAINTIFF'S SERIOUS MEDICAL NEEDS IN VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS DEFENDANT GARCIA

56. Plaintiff realleges Paragraphs 1 through 34 of this Complaint as if set forth in full herein.

57. At all times mentioned herein and relevant hereto, Defendant DR. GARCIA, was a physician and was a duly authorized employee and/or agent of Defendant WEXFORD HEALTH SOURCES, INC.

58. At all times mentioned herein Defendant DR. GARCIA, was acting within the course and scope of his employment and/or agency with WEXFORD HEALTH SOURCES, INC., in providing medical services to inmates within the Illinois Department of Corrections, including Plaintiff DERECK CLARK.

59. On and after April of 2017, Plaintiff DERECK CLARK was seen by Defendant DR. GARCIA, at which time DR. GARCIA became aware of the abnormal masses growing from Plaintiff's forehead and the back of his head, and further learned that such masses caused DERECK CLARK pain, discomfort, loss of sleep, headaches and emotional distress.

60. On and after April of 2017, up to and including the present time, Defendant DR. GARCIA, while acting under the color of state law, ordinances and/or regulations, failed to take any steps necessary to properly assess, evaluate, test, biopsy, analyze or otherwise determine the cause and content of the abnormal masses growing from DERECK CLARK'S forehead and back of his head, and further failed to provide any proper medical care and treatment for the symptoms DERECK CLARK experienced as a result of the abnormal masses growing from his forehead and the back of his head.

61. On and after April of 2017, and continuing until the present time, the failure of Defendant DR. GARCIA, to properly evaluate, assess and treat the masses growing from DERECK CLARK'S forehead and back of his head, constitutes a deliberate indifference to his serious medical needs and constitutes an ineffective and deficient provision of necessary medical attention, care and treatment for the serious medical needs of DERECK CLARK in that he:

   A. Failed to properly and timely evaluate visible and palpable masses on Dereck Clark's forehead and the back of his head;
   B. Failed to diagnose the cause of visible and palpable masses on Dereck Clark's forehead and the back of his head;
   C. Failed to diagnose the content and substance that constitute the visible and palpable masses on Dereck Clark's forehead and the back of his head;
   D. Failed to order and perform proper diagnostic tests to properly evaluate and assess the masses on Dereck Clark's forehead and the back of his head;
   E. Failed to properly evaluate and test Dereck Clark despite knowing he has inherently abnormal masses growing from his forehead and the back of his head;
   F. Failed to properly and timely evaluate the cause of Mr. Clark's symptoms, including headaches, pain, loss of sleep and emotional distress;
   G. Failed to properly and timely order and perform a biopsy or other diagnostic tests and studies to determine the cause and content of the masses growing on Dereck Clark's forehead and the back of his head;
   H. Failed to order and perform proper and timely radiographic studies, including CT exams, MRI exams and EEG exams in order to evaluate and assess the cause and content of the masses growing on Dereck Clark's forehead and the back of his head;
   I. Failed to provide any medical care or treatment to excise, remove, shrink or minimize the presence of the masses growing out of DERECK CLARK'S forehead and the back of his head.

62. At all relevant times hereto Defendant DR. GARCIA knew or should have known that his failure to provide proper medical attention, assessment, care and treatment was a contributing cause of the continual growth of abnormal masses on DERECK CLARK'S forehead and the back of his head, and further caused Plaintiff DERECK CLARK to continue to experience headaches, pain, suffering, loss of sleep, emotional distress and physical disfigurement.

63. The aforementioned acts and/or omissions on the part of the Defendant DR. GARCIA, constitute a deliberate indifference to Plaintiffs objectively serious medical needs, and have caused a serious delay in providing Plaintiff with adequate and appropriate medical attention, and have further denied him necessary medical care and treatment which has endangered the health and well-being of DERECK CLARK.

64. Defendant DR. GARCIA'S deliberate indifference to Plaintiffs objectively serious medical needs while in the course and scope of acting as an employee and/or agent of Defendant WEXFORD HEALTH SOURCES, INC., has caused, and continues to cause, Plaintiff Dereck Clark to suffer pain, headaches, suffering, emotional distress, and disfigurement, and further constitutes unnecessary and wanton infliction of pain prohibited by the Eighth Amendment of the United States Constitution in violation of Plaintiff's constitutional rights.

## COUNT V

## DELIBERATE INDIFFERENCE TO PLAINTIFF'S SERIOUS MEDICAL NEEDS IN VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS

### DR. SIDDIQUI

65. Plaintiff realleges Paragraphs 1 through 34 of this Complaint as set forth in full

herein.

66. At all times relevant hereto Defendant DR. SIDDIQUI, was a physician and was a duly authorized employee and/or agent of Defendant WEXFORD HEALTH SOURCES, INC.

67. At all times mentioned herein Defendant DR. SIDDIQUI, was acting within the course and scope of his employment and/or agency with WEXFORD HEALTH SOURCES, INC., acting as a medical director for, and in providing medical services to, inmates within the Illinois Department of Corrections, including Plaintiff DERECK CLARK.

68. On and after May 4, 2017, Plaintiff Dereck Clark was seen by, or his condition was discussed by, Defendant DR. SIDDIQUI, at which time DR. SIDDIQUI became aware of the abnormal masses growing from Plaintiffs forehead and the back of his head, and further learned that such masses caused DERECK CLARK pain, discomfort, loss of sleep, headaches and emotional distress.

69. On and after May 4, 2017, up to and including the present time, Defendant DR. SIDDIQUI, while acting under the color of state law, ordinances and/or regulations, failed to take any steps necessary to properly assess, evaluate, test, biopsy, analyze or otherwise determine the cause and content of the abnormal masses growing from Dereck Clark's forehead and back of his head, and further failed to provide any proper medical care and treatment for the symptoms Dereck Clark experienced as a result of the abnormal masses growing from his forehead and the back of his head.

70. On and after May 4, 2017, and continuing until the present time, the failure of Defendant DR. SIDDIQUI, to properly evaluate, assess and treat the masses growing from Dereck Clark's forehead and back of his head, constitutes a deliberate indifference to his serious medical needs and constitutes an ineffective and deficient provision of necessary medical attention, care and treatment for the serious medical needs of Dereck Clark in that he:

A. Failed to properly and timely evaluate visible and palpable masses on Dereck Clark's forehead and the back of his head;
B. Failed to diagnose the cause of visible and palpable masses on Dereck Clark's forehead and the back of his head;
C. Failed to diagnose the content and substance that constitute the visible and palpable masses on Dereck Clark's forehead and the back of his head;
D. Failed to order and perform proper diagnostic tests to properly evaluate and assess the masses on Dereck Clark's forehead and the back of his head;
E. Failed to properly evaluate and test Dereck Clark despite knowing he has inherently abnormal masses growing from his forehead and the back of his head;
F. Failed to properly and timely evaluate the cause of Mr. Clark's symptoms, including headaches, pain, loss of sleep and emotional distress;
G. Failed to properly and timely order and perform a biopsy or other diagnostic tests and studies to determine the cause and content of the masses growing on Dereck Clark's forehead and the back of his head;
H. Failed to order and perform proper and timely radiographic studies, including CT exams, MRI exams and EEG exams in order to evaluate and assess the cause and content of the masses growing on Dereck Clark's forehead and the back of his head.
I. Failed to provide any medical care or treatment to excise, remove, shrink or minimize the presence of the masses growing out of DERECK CLARK'S forehead and the back of his head.

71. At all relevant times hereto Defendant DR. SIDDIQUI knew or should have known that his failure to provide proper medical attention, assessment, care and treatment was a contributing cause of the continual growth of abnormal masses on Dereck Clark's forehead and the back of his head, and further caused Plaintiff Dereck Clark to continue to experience headaches, pain, suffering, loss of sleep, emotional distress and physical disfigurement.

72. The aforementioned acts and/or omissions on the part of Defendant DR. SIDDIQUI, constitute a deliberate indifference to Plaintiffs objectively serious medical needs, and have caused a serious delay in providing Plaintiff with adequate and appropriate medical attention, and have denied him necessary medical care and treatment which has endangered the health and well-being of Dereck Clark.

73. Defendant DR. SIDDIQUI'S deliberate indifference to Plaintiffs objectively serious medical needs while in the course and scope of acting as an employee and/or agent of Defendant WEXFORD HEALTH SOURCES, INC., has caused, and continues to cause Plaintiff Dereck Clark to suffer pain, headaches, suffering, emotional distress, and physical disfigurement, and further constitutes unnecessary and wanton infliction of pain prohibited by the Eighth Amendment of the United States Constitution in violation of Plaintiff's constitutional rights.

WHEREFORE, Plaintiff, DERECK CLARK demands judgment against Defendants, WEXFORD HEALTH SOURCES, INC., DR. A. MARTIJA, GHALIAH OBAISI, Independent Executor of the Estate of DR. SALEH OBAISI, Deceased, DR. HECTOR GARCIA AND DR. MOHAMMED SIDDIQUI, and each of them, in an amount in excess of $500,000.00, and further asks this Court to enter an order requiring Defendants to perform proper radiographic studies, biopsies, evaluations, assessments and other tests in order to diagnose the cause and content of the masses growing from DERECK CLARK's forehead and the back of his head, as well as to excise, remove, shrink or minimize said masses, and for whatever further relief this Court deems appropriate.

\S\Richard F. Burke. Jr.
Attorney for Plaintiff

RICHARD F. BURKE, JR.
CLIFFORD LAW OFFICES, P.C.
120 North LaSalle Street
Chicago, Illinois 60602
rfb@cliffordlaw.com
312 899-9090
ARDC 3121588